## THE MINNEAPOLIS MILL CO. v. JAMISON.

1. **Fraudulent Conveyance:** EVIDENCE NOT ESTABLISHING. The evidence in this case considered, (see opinion,) and *held* insufficient to support a decree setting aside certain deeds and mortgages as being without consideration and in fraud of creditors.

*Appeal from Hancock District Court.*

FRIDAY, APRIL 25.

THIS is an action by which it is sought to cancel and set aside certain conveyances and mortgages, upon the ground that they were executed without consideration, and in fraud of the plaintiff, who is a creditor of R. W. Jamison. There was a trial by the court, and a decree was entered canceling a mortgage held by John Jamison upon certain real estate. The defendant appeals.

*Brown & Portman,* for appellant.

No appearance for appellee.

ROTHROCK, CH. J:—It appears from the averments of the petition that R. W. Jamison was insolvent, and that he was the owner of certain land which, on the 1st day of June, 1880, he conveyed to one Olcutt, and that Olcutt conveyed the same to Jane Jamison, who is the wife of R. W. Jamison, and that on the 12th day of June, 1880, Jane Jamison executed a mortgage thereon to the appellant, John Jamison. The plaintiff commenced an action against R. W. Jamison on the 12th day of June, 1880, to recover an indebtedness due to it, and on the 13th of June levied an attachment upon the mortgaged property. It is charged that the conveyance from R. W. Jamison to Olcutt, and the mortgage to John Jamison, were without consideration, and that they were made and received with the intent and purpose to enable R. W. Jamison to defraud his creditors, and that the mortgage

was not delivered to John Jamison until after the levy of the plaintiff's writ of attachment.

The answer of John Jamison admits that the conveyances and mortgages were made, and avers a want of information or belief as to the object or purpose with which the conveyances were made, and avers that the mortgage given by Jane Jamison to defendant was to secure a *bona fide* debt, and that it was delivered to defendant before the levy of the writ of attachment, and without any fraudulent purpose or intent.

It was stipulated in writing that the evidence in the case should be taken in the form of depositions, and a time was fixed in the stipulation within which each party should complete the taking of his testimony. No depositions were taken by either party, and at the next term of court the plaintiff insisted that the cause should be tried. The defendant filed a motion for continuance, which was overruled.

The plaintiff introduced certain record evidence, among which was a conveyance of the land from R. W. Jamison and wife to John Olcutt, dated June 2, 1880, a mortgage from Jane and R. W. Jamison to John Jamison, signed and acknowledged June 12, 1880, and a certificate of the recorder of deeds of Hancock county that there are no other deeds or mortgages of record relating to or affecting the land in question. On this evidence, a decree for plaintiff was entered.

We are very clearly of the opinion that the decree is not supported by the evidence. The plaintiff in its petition concedes that Olcutt conveyed the land to Jane Jamison, and that her mortgage to John Jamison was prior in date to the levy of the attachment. It is very plain that it was incumbent on the plaintiff to prove that the deed to Olcutt and the conveyance from him to Jane Jamison were fraudulent, and that the mortgage to John Jamison was either fraudulent, or was not delivered until after the levy of the attachment. As it appears to us, there was an entire failure to support the charges of fraud by any evidence; and we think there should have been a decree dismissing plaintiff's petition.

REVERSED.